UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Criminal Action No. 5: 18-009-DCR |
| Plaintiff/Respondent, | ) and |
| | ) Civil Action No. 5: 24-112-DCR |
| V. | ) |
| | ) |
| BRYAN LAMAR BLANTON, | ) **MEMORANDUM OPINION** |
| | ) **AND ORDER** |
| Defendant/Movant. | ) |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Bryan Blanton recently was sentenced to six months of imprisonment upon revocation of his term of supervised release. He has now filed a *pro se* motion seeking to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. However, the motion will be denied because it is plainly apparent based on the motion and the record that Blanton is not entitled to relief.

**I.**

Promptly after the filing of a motion under § 2255, the Court must undertake a preliminary review of the motion to determine whether it plainly appears from the motion, any exhibits, and the record, that the movant is not entitled to relief. If he is not, the Court must dismiss the motion. Rule 4 of the Rules Governing § 2255 Cases. A dismissal under Rule 4 includes petitions that raise legally frivolous claims. *See Pillow v. Burton*, 852 F. App'x 986, 989 (6th Cir. 2021); *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999).

## II.

In 1996, following a jury trial in the United States District Court in the Central District of California, Blanton was convicted of conspiracy to commit bank robbery, armed bank robbery, and use of a firearm during a crime of violence following a jury trial. [*United States v. Blanton*, 2: 96-CR-850]  He subsequently was sentenced to a total of 270 months' imprisonment to be followed by a five-year term of supervised release.  Blanton was released from custody in October 2016 and relocated to the Eastern District of Kentucky.  At that time of his release, this Court consented to the transfer of jurisdiction from the Central District of California for the limited purpose of supervising the defendant during his term of supervised release.  [Record No. 1]

On February 12, 2024, Lexington Police Officers arrested and charged Blanton with driving under the influence and failing to maintain required insurance.  Blanton appeared for an initial appearance on alleged violations of the conditions of his supervised release before United States Magistrate Judge Matthew Stinnett on February 21, 2024.  Attorney Patrick Nash was appointed under the Criminal Justice Act to represent Blanton.  Magistrate Judge Stinnett determined that there was probable cause to believe that Blanton had violated the following terms and conditions of his supervised release: 1) you must not commit another federal, state or local crime; and 2) you must abstain from the use of alcohol.

Blanton appeared before the undersigned on March 18, 2024, for a final hearing on the alleged violations.  The Court advised Blanton that the Grade C violations and his Criminal History Category would produce a recommended guidelines range of imprisonment of 8 to 14 months.  The Court explained, however, that the guidelines are not binding and that the Court could impose a statutory maximum penalty of up to 36 months' imprisonment.  Blanton

confirmed that he had had sufficient time to discuss these matters with counsel, that he understood the nature of the violations and the potential penalties, and that he wished to admit that he committed the violations alleged.

The Court ultimately imposed a below-guidelines sentence of six months' imprisonment, to be followed by three years of supervised release.

**III.**

Blanton now argues that attorney Nash was ineffective during the final revocation hearing "for allowing [his] 1987 drug conviction to be used for the career offender enhancement provision, when his 1987 drug conviction does not meet the criteria." He goes on to suggest that the 1987 conviction is no longer a qualifying felony conviction for purposes of U.S.S.G. § 4B1.1 based on changes in California law. Ultimately, Blanton contends that Nash should have argued in favor of applying a lower criminal history category during the final revocation hearing.

To establish that counsel has rendered constitutionally ineffective assistance, the movant must show that counsel's performance was deficient and that he was prejudiced by counsel's performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The defendant must satisfy both showings to succeed on an ineffective-assistance claim. The Constitution does not require counsel to raise frivolous defenses or arguments to avoid a charge of ineffective assistance. *Chapman v. United States*, 7 F. App'x 590, 593 (6th Cir. 2003) (citing *Krist v. Foltz*, 804 F.2d 944, 946-47 (6th Cir. 1986)). Put differently, "counsel cannot be ineffective for failure to raise an issue that lacks merit." *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001).

The United States Sentencing Guidelines provide that, in imposing a sentence upon revocation of supervised release, "[t]he criminal history category is the category applicable at the time the defendant originally was sentenced to a term of supervision." U.S.S.G. § 7B1.4. The Application Notes further provide that "[t]he criminal history category is not to be recalculated. . . ." § 7B1.4 app. n.1. Blanton was assigned a Criminal History Category of VI at the time of his original sentencing and, accordingly, that is the criminal history category that applied at the time his revocation sentence was determined. Nash was not ineffective for failing to urge the Court to recalculate Blanton's criminal history.[1]

Blanton asks this Court to construe his motion under § 2255 as second or successive.[2] But to be second or successive, a § 2255 motion must challenge the *same* judgment as a prior § 2255 motion. *Magwood v. Patterson*, 561 U.S. 320, 333 (2010). Here, Blanton seeks to "vacate, set aside, or correct" his March 18, 2024 sentence, which he has not previously collaterally attacked. Clearly, Blanton wishes for this Court to alter his original judgment from the Central District of California. But as the transferee court for purposes of supervised release, this Court's jurisdiction is limited and does not extend to modifying that original judgment. *See, e.g., Singh v. United States*, 2023 WL 5753679, at *3 (E.D. Cal. Sept. 6, 2023)

---

[1] Blanton appears to argue that he should have been placed in Criminal History Category V instead of VI. If that were the case, his guidelines range on revocation would have been 7 to 13 months' imprisonment, the low end of which is still higher than the sentence he actually received.

[2] It appears that Blanton has already presented a similar argument via a § 2255 motion in the Central District of California. That argument was rejected. [*United States v. Blanton*, 2: 96-CR-850, Record No. 181, January 17, 2007).

The Court also notes that, if the § 2255 motion were second or successive, Blanton would have to obtain authorization from the United States Court of Appeals before filing it here. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

(observing that 18 U.S.C. § 3605 provides a transfer of limited, not general, jurisdiction of a criminal case). Thus, to the extent Blanton believes his career offender status assigned at the time of his original sentencing is incorrect, he will have to seek relief in the Central District of California.

## IV.

The Court declines to issue a Certificate of Appealability which may only be issued if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To warrant a grant of the certificate, the movant must show that reasonable jurists could debate whether the motion should have been resolved differently or that the issues involved "deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Blanton has not made a substantial showing of the denial of a constitutional right. And reasonable jurists would not debate the Court resolution of Blanton's claim of ineffective assistance of counsel because counsel was not required to raise a frivolous argument to avoid a charge of ineffective assistance.

## V.

For the reasons set forth above, it is hereby

**ORDERED** as follows:

1. Defendant Blanton's motion under 28 U.S.C. § 2255 is **DISMISSED**.

2. The claims raised in Blanton's collateral proceeding are **DISMISSED**, with prejudice, and **STRICKEN** from the docket.

3. A Certificate of Appealability will not issue.

4.	The Clerk of the Court is directed to mail a copy of this Memorandum Opinion and Order to the defendant.

Dated: May 2, 2024.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky